BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEYS
TIMOTHY FLOWERS, TENNESSEE STATE BAR NO. 030151
UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY
ATTORNEYS FOR THE UNITED STATES OF AMERICA
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:(208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>　GENNADY BABITCHENKO,<br>　PIOTR BABICHENKO,<br>　TIMOFEY BABICHENKO,<br>　KRISTINA BABICHENKO,<br>　NATALIE BABICHENKO,<br>　DAVID BIBIKOV,<br>　ANNA IYERUSALIMETS,<br>　MIKHAIL IYERUSALIMETS,<br><br>　　　　Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**GOVERNMENT'S SECOND MOTION FOR A TRIAL CONTINUANCE** |

　　　　The United States of America, by and through, Bart M. Davis, United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorneys for the District of Idaho, seeks a three-month trial continuance.

GOVERNMENT'S SECOND MOTION FOR TRIAL CONTINUANCE—1

**Procedural Background**

On August 22, 2018, the grand jury indicted the Defendants with charges of intellectual property violations, wire and mail fraud, and money laundering. ECF 1. Trial was scheduled for October 23, 2018. Since then, the Defendants have obtained three trial continuances and the Government has obtained one.

In October 2018, the Government filed an originally-unopposed motion for complex case designation pursuant to 18 U.S.C. § 3161(h)(7)(ii) and a trial continuance for one year to October 2019. *See* ECF 134. After the Government filed the unopposed motion, Gennady Babitchenko noticed his objection to a complex-case designation, and sought a ninety-day continuance of the then-impending trial date. *See* ECF 135. To allow consideration of the pending motion to designate the case as complex, the Court granted Gennady Babitchenko's motion to continue the trial for ninety days, resetting the trial for January 22, 2019. *See* Order, ECF 136. The Government maintained its position that this matter was too complex to be litigated within the ordinary timeframe established in the Speedy Trial Act, rendering the seventy-day timeframe unworkable. *See* ECF 151. The Court agreed.

Recognizing the absence of any substantive argument by the Defendants as a basis for their objection, the Court noted: "[g]iven the obvious complexity of this case, the Court suspects that their silence was due to the fact that there was little that could be said." ECF 157, at 5. While finding the case complex, the Court denied the Government's motion for a one-year continuance and scheduled trial for June 2019. *Id.* at 6 ("[J]ust because a case is complex does not mean that the Defendant's lose their right to confront their accusers in a timely fashion.").

GOVERNMENT'S SECOND MOTION FOR TRIAL CONTINUANCE—2

Thereafter, Gennady Babitchenko filed a second motion to continue the June 3, 2019 trial date.  *See* ECF 159; 159-1, at 2.  This Court granted the motion to continue and reset the trial date for July 29, 2019.  ECF 162, at 3.

Finally, the Defendants moved for a third continuance shortly before the July 2019 trial, seeking an additional 15 months to prepare.  *See* ECF 281, at 1.  As the basis for this lengthy continuance, the Defendants cited the need to conduct extensive investigation into the international conspiracy and the need for additional time to adequately prepare for trial.  *See id.* at 1–2.  The Defendants proposed a trial date of October 2020, which the Court adopted.  *See id.* at 1.  This Court noted that the case had already been deemed complex, thereby excluding it from the ordinary Speedy Trial Act's seventy-day clock.  *See id.*  Additionally, the Court found this lengthy continuance was necessary to adequately prepare for and investigate the charges.  *See id.* at 1–2.  Accordingly, the Court also determined that the 15 months were excludable under § 3161(h)(7)(B)(iv) and scheduled the trial to begin on October 5, 2020.  *See id.* at 2.

## ARGUMENT

I. **The Government is entitled to continuity of counsel in the present matter and should be afforded a three-month continuance to accommodate the maternity leave of lead counsel—an accommodation that has been extended to one defense counsel in this case.**

Undersigned counsel is lead counsel and has devoted last three years to preparing this case for trial.  Over the past two years, she has signed every filing on behalf of the Government in this case before this Court and the Ninth Circuit during two interlocutory appeals.  *See, e.g.*, ECF 1 (indictment); 26–29; 117; 145; 151; 179; 192 (interlocutory order affirming detention ruling); 210 (superseding indictment); 233; 275; 285; 300; 326–27; 340–

43.  Undersigned counsel has likewise worked exclusively to provide defense counsel with discovery, which involved numerous complications arising from both the volume and type of discovery in this case.

Currently, counsel is expecting her first child to be born within one month of the October 2020 trial date.  Accordingly, the Government seeks a three-month continuance to accommodate lead counsel's maternity leave.  Because this Court has already deemed the case complex, such a continuance does not run afoul of the Speedy Trial Act's seventy-day clock pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

But, even ignoring the complex-case designation, the continuance would be warranted under an ends-of-justice finding pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).  The Government is entitled to continuity of counsel in this case.  All the factors identified by the Ninth Circuit as relevant are present here:

- the District of Idaho has approximately 12 criminal prosecutors in Boise and is a small office[1];
- other qualified prosecutors are available, but undersigned counsel has developed a unique understanding of the case over three years that is not fungible;
- the case has already been deemed complex by this Court and is unusually large in terms of the scope of the criminal enterprise, investigation, resulting discovery, and almost two year procedural history;

---

[1]  Attorneys and staff currently assigned to the filter team in this case are prohibited from working on the prosecution team; accordingly, the number of available attorneys is 10.

GOVERNMENT'S SECOND MOTION FOR TRIAL CONTINUANCE—4

- finally, this case differs markedly from the usual cases prosecuted by the District of Idaho in terms of both substantive legal issues and size.

*See United States v. Lloyd*, 125 F.3d 1263, 1271 (9th Cir. 1997). Given the complexity and size of the trial and the limited nature of the continuance requested, the interest in continuity of government counsel warrants a continuance.

Moreover, this exact scheduling accommodation has been granted and approved. The Ninth Circuit has affirmed a district court's accommodation of trial scheduling based on a prosecutor's pregnancy in another complicated white-collar fraud case. *See United States v. Turner*, 897 F.3d 1084, 1092, 1101–02 (9th Cir. 2018). Notably, defense counsel in this very case sought the same scheduling accommodation when his wife was expecting their first child, which the Court granted and resulted in a two-month continuance of trial. *See* ECF 159; 159-1, at 2 ("My wife is expecting and due June 15, 2019).

All Defendants have objected to the Government's present request for a three-month continuance. They have supported their objections with no reasoning, however. Given the short duration of the Government's request and the Government's interest in continuity of counsel in this complex and long-developing case, Ninth Circuit precedent weighs in favor of granting the extension.

## CONCLUSION

In light of the complexities and reasons articulated herein, the Government respectfully requests that this Court reset the current October 2020 trial date to the February 2021 trial docket.

Respectfully submitted this 25th day of February, 2020.

        BART M. DAVIS
        UNITED STATES ATTORNEY
        By:


        */s/ Katherine L. Horwitz*
        KATHERINE L. HORWITZ
        Assistant United States Attorney

GOVERNMENT'S SECOND MOTION FOR TRIAL CONTINUANCE—6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2020, the foregoing GOVERNMENT'S SECOND MOTION FOR TRIAL CONTINUANCE was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:

| |
|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>*Attorney for Pavel Babichenko* |
| JEFFREY BROWNSON<br>223 North 6th Street, Suite 215<br>Boise, Idaho 83702<br>*Attorney for Gennady Babitchenko* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>*Attorney for Piotr Babichenko* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* |
| GREG S. SILVEY<br>P.O. Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com<br>*Attorney for Kristina Babichenko* |

| |
|---|
| J.D. MERRIS<br>913 W. River Street, Ste. 420<br>Boise, ID 83702<br>jmerris@earthlink.net<br>*Attorney for Natalya Babichenko* |
| ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>*Attorney for David Bibikov* |
| S. RICHARD RUBIN<br>702 W. Idaho Street, Ste. 1000<br>Boise, ID 83702<br>dick_rubin@fd.org<br>*Attorney for Anna Iyerusalimets* |
| ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>*Attorney for Mikhail Iyerusalimets* |

                                        /s/ Katherine Horwitz
                                        Assistant United States Attorney