UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>　　　　Defendants. | Case No. 1:18-CR-00258-BLW<br><br>**ORDER ON DEFENDANT KRISTINA BABICHENKO'S OBJECTION TO EXPERT NOTICE** |

## INTRODUCTION

Before the Court is Defendant Kristina Babichenko's Objection to the Government's Expert Notice of Testimony Regarding Eurasian Criminal Enterprise and Translation (Dkt. 531). For the reasons explained below, the Court will overrule the pre-trial objection.

# BACKGROUND

In its May 9, 2020 notice of rebuttal experts, the Government filed a Notice of Intent to Introduce Expert Testimony Regarding Eurasian Criminal Enterprise and Translation. Dkt. 517. Therein, the Government indicated it may call Robert J. Hanratty, as an expert in Eurasian Crime. *Id.* at 2. The notice is as follows:

> The United States may call Federal Bureau of Investigations (FBI) Supervisory Special Agent Robert J. Hanratty as an expert in Eurasian crime—including organized crime—to testify on its behalf at trial. The United States anticipates that Agent Hanratty will testify that he has worked Eurasian crime since approximately 2011, both as a Special Agent and Supervisory Special Agent, and has focused almost exclusively on the former Soviet Republics, including Russia. Agent Hanratty is expected to testify about the working and mechanics of such criminal organizations, including international money laundering. Agent Hanratty has participated in more than 50 money laundering investigations and has actively worked at least 20 criminal enterprise investigations, half of which were Russian- related investigations. He has conducted investigations into criminal enterprises tied to people from the former Soviet Union, including through conducting surveillance, reviewing records, participating in Title III wiretaps and other electronic surveillance techniques. His work has included, among other things, dealing directly with cooperators, including Russian cooperators, and Confidential Informants and sources. He has directly debriefed at least 50 sources and witnesses related to Eurasian organized crime.

Dkt. 517 at 2-3.

And:

> As part of his duties and responsibilities, he has trained other agents on the subject of money laundering. He is expected to testify about the use of shell companies and nominees to further conceal criminal financial conduct and beneficial ownership of accounts as related to Eurasian

organized crime.

*Id.*

Defendant argues the Government should be precluded from introducing testimony related to Eurasian criminal enterprise for two reasons: (1) it is not rebuttal evidence because it is not responsive to anything in Defendants' notices of intent regarding expert testimony; and (2) it is irrelevant. Dkt. 531 at 4-5.

The Government argues it anticipates Defendants may testify at trial about movement of money through substantial international transfers. Dkt. 561 at 2. These transfers allegedly included a cash deposit into Defendant Kristina Babichenko's primary business account of more than $1,400,000. *Id.* The Government agrees that, at this time, evidence regarding Eurasian criminal enterprises money laundering "is not yet relevant." *Id.* at 2-3. The Government argues the Court should not make an admissibility determination now for that same reason. *Id.* The Government argues also that it made the disclosure to defense counsel out of an abundance of caution—because Rule 16 of the Federal Rules of Evidence mandates only the notice of expert witnesses anticipated to be called during the Government's case-in-chief. *Id.*

In reply, Defendants urge the Court to make a ruling on the admissibility of the rebuttal testimony now because Defendants need to know whether evidence about Eurasian organized crime will be admitted as soon as possible—not after they

rest their case-in-chief. Dkt. 536 at 2-3.

## DISCUSSION

The Court will overrule Defendant's objection as premature. At trial, the Government bears the burden of proving beyond a reasonable doubt that defendants committed the crimes charged. In its response to this motion, the Government has represented to the Court – and to the defendants – that it will not use testimony related to Eurasian criminal money laundering schemes in its case-in-chief. The Government represents it will attempt to introduce the evidence only if it is relevant as rebuttal evidence. Indeed, that commitment is inherent in the type of disclosure made by the Government: a potential rebuttal expert that *may* be called at trial.

The Court makes this ruling with significant doubts as to whether the probative effect of testimony would outweigh its prejudicial effect. Nevertheless, at the pretrial stage, any determination of this matter would amount to mere guesswork. Therefore, the Court will overrule Defendant's objection without prejudice.

**IT IS SO ORDERED**.

DATED: August 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge